IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL |
| | : | |
| MICHAEL BULLARD, | : | NO. 00-85 |
| Defendant. | : | |
| | : | |

**Memorandum and Order**

YOHN, J.                                                                                             November 12th, 2008

Michael Bullard, currently serving a sentence of imprisonment for violation of 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon), seeks reduction of or relief from his sentence on numerous grounds. Because, as discussed below, the court finds all of these grounds to be meritless, the court will deny Bullard's motions and request.

**I.      Factual Background**

On March 13, 2000, Michael Bullard was arraigned on one count of violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon). On April 20, 2000, Bullard moved the court for a continuance of trial so that defense counsel could investigate the case and effectively prepare for trial. The court granted his motion on April 25, 2000, rescheduling Bullard's trial from May 1, 2000 to July 10, 2000. In so ordering, I explained, in relevant part:

> 2. This continuance is based on the following reasons:
>     a. On March 9, 2000, the court appointed the Defender Association of Philadelphia, Federal Court Division, to represent Mr. Bullard on the instant case.
>     b. As part of a discovery request, defense counsel has requested notes of sworn testimony of the police officers from the preliminary hearing held at the Criminal Justice Center.
>     . . .

>   d.  Assistant United States Attorney Eric B. Henson has advised he has ordered the notes and it may take a couple weeks before he obtains them.
>   e.  Defense counsel needs further time for investigation and review of discovery materials.
>   f.  Defendant through his counsel consents to the continuance and the exclusion of the time under the Speedy Trial Act.

Order, No. 00-85 (E.D. Pa. April 25, 2000) (Doc. No. 19).  I further found that: (1) failure to grant the continuance would "[d]eny counsel for the defendant the reasonable time necessary for the effective preparation of this case, taking into account the exercise of due diligence"; (2) "[p]ursuant to 18 U.S.C. § 3161(h)(8)(B)(i) . . . the failure to grant a continuance would result in a miscarriage of justice"; and (3) "the ends of justice served by granting this continuance outweigh the interest of the public and the defendant in a speedy trial." *Id.*  I therefore excluded the entire period of the continuance under § 3161(h)(8) of the Speedy Trial Act, 18 U.S.C.§ 3161, *et seq*.  *Id.*

Following an evidentiary hearing on July 10, 2000, trial proceedings began on July 11, 2000.  The jury in this trial was unable to reach a unanimous verdict, and the court had no alternative but to declare a mistrial on July 14, 2000.  Retrial was scheduled for September 18, 2000.  On September 7, 2000, however, the court ordered a second continuance, rescheduling trial for January 2, 2001.  I ordered, in relevant part:

>   2.  This continuance is based on the following reasons:
>   . . .
>   b.  To prepare properly [for retrial], defendant's counsel requested that retrial be scheduled only after receipt of the transcript of the first trial. . . .
>   c.  On August 24, 2000, the United States Court of Appeals for the Third Circuit, in a case of first impression in this Circuit, held that defendants charged with being felons in possession of firearms bear the burden of proving the affirmative defense of justification by a preponderance of the evidence. . . . This statement of the law will affect the parties' preparation for the retrial.
>   d.  On September 2, 2000, the parties received the transcript of trial.

>     e. Having recently received the transcript of trial and given their other duties and trial assignments, both counsel for defendant and counsel for the government require additional time to prepare effectively and properly for the retrial.
>     f. The government also requires a continuance because a necessary witness . . . has been unable to reschedule a [conflicting] long-planned vacation and will forfeit the cost of the flight if she does not take it.
>     g. Defendant through his counsel consents to the continuance and the exclusion of the time under the Speedy Trial Act.

Order, No. 00-85 (E.D. Pa. Sept. 7, 2000) (Doc. No. 56). I further found that: (1) failure to grant the continuance would deny counsel for the government and counsel for defendant "the reasonable time necessary for the effective preparation of this case, taking into account the exercise of due diligence"; (2) "[p]ursuant to 18 U.S.C. § 3161(h)(8)(B)(i) . . . the failure to grant a continuance would result in a miscarriage of justice"; and (3) "the ends of justice served by granting this continuance outweigh the interest of the public and the defendant in a speedy trial." *Id.* I therefore excluded the entire period of the continuance under § 3161(h)(8) of the Speedy Trial Act. *Id.*

On December 7, 2000, I granted a third continuance, rescheduling the trial from January 2, 2001 to January 8, 2001. In the relevant order, I explained:

>     2. This continuance is based on the following reasons:
>         a. The government requires a continuance of trial because a necessary witness [(a different witness than was referred to in the September 7, 2000 Order)] has been unable to reschedule a long-planned vacation for the week of January 1, 2001. Although [the witness, a Philadelphia police lieutenant] had planned this vacation months ago and is not now able to change his financial and time commitments for the vacation, the Philadelphia Police Department computer vacation listings dated October 30, and Novemeber 29, 2000, on which lists the United States Attorney's Office relies in scheduling police witnesses, did not show any vacations for [the lieutenant].
>         b. Defendant's counsel has authorized the government to represent to the court that she does not oppose the requested continuance.
> . . .
>         d. Defendant through his counsel consents to the continuance and the

exclusion of the time under the Speedy Trial Act.

Order, No. 00-85 (E.D. Pa. Dec. 7, 2000) (Doc. No. 59). I also found that: (1) failure to grant the continuance would "[d]eny counsel for the government the reasonable time necessary for the effective preparation of this case, taking into account the exercise of due diligence"; (2) "[p]ursuant to 18 U.S.C. § 3161(h)(8)(B)(i) . . . the failure to grant a continuance would result in a miscarriage of justice"; and (3) "the ends of justice served by granting this continuance outweigh the interest of the public and the defendant in a speedy trial." *Id.* I therefore excluded the entire period of the continuance under § 3161(h)(8) of the Speedy Trial Act. *Id.*

Bullard's retrial commenced on January 8, 2001. On January 12, 2001, the jury convicted Bullard of violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon). On April 10, 2001, the court sentenced Bullard to 240 months' imprisonment, to be followed by five years' supervised release, a $2,000 fine, and a $100 special assessment. Sentence, No. 00-85, (E.D. Pa. April 10, 2001) (Doc. No. 77).

Bullard had an extensive criminal history, including both juvenile and adult offenses. In sentencing Bullard for the instant offense, his most relevant prior offenses, all adjudicated through the Philadelphia Court of Common Pleas, included:

(1) robbery and criminal conspiracy (Pa. Ct. Com. Pl. Phila. 9303-5633) (<u>date of offense</u>: March 11, 1993; <u>date of arrest</u>: March 12, 1993);
(2) knowingly/intentionally possessing a controlled substance; manufacturing/delivering/possessing with intent to manufacture/deliver a controlled substance; and criminal conspiracy (Pa. Ct. Com. Pl. Phila. 9401-0893) (<u>date of offense</u>: December 28, 1993; <u>date of arrest</u>: December 29, 1993);
(3) manufacturing/delivering/possessing with intent to manufacture/deliver a controlled substance (Pa. Ct. Com. Pl. Phila. 9505-0046) (<u>date of offense</u>: November 17, 1994; <u>date of arrest</u>: November 19, 1994); and
(4) manufacturing/delivering/possessing with intent to manufacture/deliver a controlled substance (Pa. Ct. Com. Pl. Phila. 9504-0217) (<u>date of offense</u>:

February 9, 1995; <u>date of arrest</u>: February 10, 1995).

The Philadelphia Court of Common Pleas sentenced Bullard on June 2, 1995 for offense (1), listed above. Bullard was sentenced on the same day, August 16, 1996, for offenses (2)-(4), listed above. Significantly, each of the above offenses were separated by intervening arrests. That is, each subsequent offense occurred after the date of the respective prior arrest.

In calculating Bullard's criminal history score pursuant to U.S.S.G. § 4A1.1, Bullard received 3 points for each of the four offenses listed above as well as 2 points for a drug possession offense and an additional 2 points because he committed the instant offense while on probation. Thus, Bullard's total criminal history score was 16. Under the Sentencing Table found in Chapter 5, Part A of the Sentencing Guidelines, Bullard therefore qualified for a criminal history category of VI.

Because Bullard's instant offense was punishable under 18 U.S.C. § 924(e)[1], he qualified as an "armed career criminal" under U.S.S.G. § 4B1.4, and his offense level was 33, pursuant to § 4B1.4(b). The guideline range for an offense level of 33 and a criminal history category of VI was 235-293 months. From within this range, as stated, the court imposed a sentence of 240 months' imprisonment plus 5 years' supervised release, a $2,000 fine, and a $100 special

---

[1] § 924(e)(1) states:
In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Bullard fell under § 924(e)(1) because his instant offense was a violation of § 922(g) and because of his prior offenses listed above.

assessment.

Bullard's conviction was upheld on appeal on May 17, 2002. Bullard then collaterally attacked his conviction under 28 U.S.C. § 2255, raising claims of violation of the Fourth Amendment, ineffective assistance of counsel, prosecutorial misconduct, and inapplicability of certain criminal law to his case. Each of Bullard's collateral claims was denied or withdrawn.

## II.     Discussion

### A.     Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Modify Term of Imprisonment

On March 13, 2008, Bullard filed a pro se motion pursuant to 18 U.S.C. § 3582(c)(2) to modify his term of imprisonment. Bullard seeks reduction of his sentence pursuant to Amendment 709 to the Sentencing Guidelines. The government responded in opposition on March 20, 2008. Bullard submitted a reply on April 8, 2008. The court will deny Bullard's motion because it lacks merit.

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2006). However, Congress has empowered the courts to modify already-imposed sentences in limited circumstances, including "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2).

The Sentencing Commission has expressed its policy statement regarding sentence reduction pursuant to § 3582(c)(2) in U.S.S.G. § 1B1.10. Section 1B1.10 lists two circumstances in which subsequent amendments to the sentencing guidelines do not permit reductions of prior

sentences. Specifically, § 1B1.10 states:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2). Subsection (c) of § 1B1.10 lists twenty-eight "covered amendments" to the guidelines that, pursuant to § 3582(c), may be retroactively applied to reduce already-imposed sentences. Thus, for the retroactive application of a guideline amendment to be consistent with the Sentencing Commission's policy statement, the amendment must be listed in § 1B1.10(c). Consequently, § 3582(c)(2) empowers courts to retroactively apply only those guideline amendments listed in §1B1.10(c).

Bullard urges the court to reduce his sentence pursuant to Amendment 709 to the Sentencing Guidelines. Amendment 709, however, is not listed in § 1B1.10(c). Thus, the court can not retroactively apply Amendment 709 to Bullard's sentencing, and his motion pursuant to § 3582(c) must be denied.

Moreover, even if the court were to retroactively apply Amendment 709 to Bullard's case—which the court can not do—Bullard's sentence would remain unchanged. Amendment 709—which amended U.S.S.G. §§ 4A1.1(f), 4A1.2(a), and 4A1.2(c)(1)-(2) as well as certain Commentary to the guidelines—addressed two areas of the Sentencing Guidelines' criminal history rules: "the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S. Sentencing Guidelines Manual Supp. App. C, Amendment 709, 238 (2007). Bullard asserts that under § 4A1.2(a)(2), as

amended, his three prior sentences that were all imposed on August 16, 1996 would be treated as a "single" sentence and his resulting criminal history score would be lower than had been calculated at the time of his sentencing. Bullard is incorrect. Both before and after Amendment 709, Bullard's prior sentences imposed on August 16, 1996 would be counted separately.

> As amended, § 4A1.2(a)(2) now reads:
> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. *Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).* If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also § 4A1.1(f).

U.S.S.G. § 4A1.2(a)(2) (emphasis added). The critical language for this case, which the court has italicized above, explains that sentences for offenses that were separated by intervening arrests are counted separately, regardless of whether those sentences were imposed on the same day. Sentences that were imposed on the same day are only treated as a single prior sentence "[i]f there is no intervening arrest."

Notably, the presence of intervening arrests was critical even before Amendment 709. Prior to Amendment 709, Commentary Application Note 3 to § 4A1.2 stated: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S. Sentencing Guidelines Manual Supp. App. C, Amendment 709, 236 (2007).

As discussed above, each offense for which Bullard was sentenced on August 16, 1996 was separated by an intervening arrest. Therefore, both before and after the adoption of

Amendment 709, those sentences would be considered separate—or "unrelated" in pre-Amendment 709 parlance—for purposes of calculating Bullard's criminal history score. Thus, even if the court were to apply Amendment 709 retroactively to Bullard's sentencing—which the court can not do—Bullard's criminal history score would remain unchanged. Again, Bullard's motion pursuant to § 3582(c) must be denied.

> B.  **Motion Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure**

Bullard has also filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4). Rule 60 deals with procedures for relief from a judgment or order. Rule 60(b)(4) provides that a party may seek relief from a judgment that is void. Bullard argues that all or some of the three trial continuances (described above) violated the Speedy Trial Act (the "Act"), 18 U.S.C. §§ 3161-3174. If the Speedy Trial Act was violated, the court would have been without jurisdiction to hear the case, rendering the ultimate judgment void. The court finds this argument to be without merit and, accordingly, will deny Bullard's motion.

In response to Bullard's motion, the government urges the court to deny Bullard's motion on procedural grounds, arguing that, as a rule of civil procedure, Rule 60(b)(4) is inapplicable to criminal cases. Some authority stands for this proposition. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (stating "Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . ."); *see* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions . . .") (emphasis added); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (citing *Mosavi*, stating that Rule 60(b) does not apply in criminal cases and stating "Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2)."); *see also United States v. Mortimer,* 256 Fed. App'x. 468, 469 (3d

Cir. 2007) (per curiam) (not precedential) ("Rule 60(b) of the Federal Rules of Civil Procedure . . . applies to civil, not criminal, cases."); *Delgado v. United States*, No. 05-cv-5480, 92-cr-24825, 2005 WL 2789188, at *1 (E.D. Pa. Oct. 21, 2005) (treating a Rule 60(b) motion raising a speedy trial right violation as a second and successive habeas petition because the defendant "collaterally attacks his underlying conviction.").

Regardless of whether Rule 60(b)(4) can ever apply in a criminal proceeding, Bullard can not now make a speedy trial motion because such a motion is untimely under the Act. Under § 3162(a)(2), "a defendant whose trial does not begin on time is deemed to have waived the right to move for dismissal of the . . . indictment if he or she does not file that motion prior to trial or entry of a guilty plea." *Zedner v. United States*, 547 U.S. 489, 494 (2006). Bullard's motion, having come more than seven years after both of his trials, is thus untimely. Bullard waived the right to move for dismissal by not making such a motion prior to trial. Thus, Bullard's motion must be denied.

Moreover, even if Rule 60(b)(4) applied in this context and Bullard had not waived his speedy trial right, the court would deny Bullard's motion because it is substantively without merit. Bullard argues in his motion that the court failed to make findings of record, as required by the Speedy Trial Act, when granting one or more of the continuances described above. To the contrary, as detailed above in the excerpted orders, the court did make the statutorily-required findings on the record. Thus, even disregarding any procedural faults, Bullard's motion must be denied on its substance.

The Speedy Trial Act "generally requires a federal criminal trial to begin within 70 days after [the later of when] a defendant is charged or makes an initial appearance." *Zedner*, 547

U.S. at 492 (citing §3161(c)(1)).  However, "the Act contains a detailed scheme under which certain specified periods of delay are not counted [against the 70-day clock]." *Id.*  One such provision, which at the time of Bullard's trials was designated as § 3161(h)(8), allows for the exclusion of continuances granted by the court upon a finding, on the record, that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).[2]

---

[2] At the time of Bullard's trials, this provision was designated as § 3161(h)(8).  In 2008, Congress amended the Speedy Trial Act, striking the then extant § 3161(h)(5) and redesignating § 3161(h)(8) as § 3161(h)(7).  For clarity and consistency with the already-existing record of this case, throughout this memorandum I will refer to this "ends of justice" provision under its old designation of § 3161(h)(8).  The 2008 Amendments to the Speedy Trial Act did not alter the language of this provision.  Both today and at the times relevant to this case, the provision read, in relevant part:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the

Clearly, as excerpted above, the orders granting the three continuances in this case provided explicit findings as to "the ends of justice." Each of the orders made specific reference to § 3161(h)(8). Each of the orders detailed the facts underlying the court's decision to grant the respective continuances. Each of the orders explained that the respective continuances were necessary to allow reasonable time for effective trial preparation and to avoid miscarriages of justice.

Thus, each of the orders granting the three continuances complied with the Act, and the time periods of the continuances were properly excluded from the speedy trial clock. Therefore, even ignoring the procedural deficiencies that Bullard's motion has, the motion must be denied on its substance.

**C.   Request Pursuant to the Privacy Act to Correct Information Maintained in Agency Files**

Bullard has also submitted a request pursuant to the Privacy Act, 5 U.S.C. § 552a, seeking a correction of the Probation Office's records of his criminal history score. Bullard again argues that some of his prior offenses should have been considered as a single sentence or as related for sentencing purposes. However, as discussed in subpart A, above, Bullard's criminal history score was correctly calculated under the Sentencing Guidelines. His request under the Privacy Act will therefore be denied as moot.

**D.   Motion to Amend and Supplement Pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure**

---

defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Bullard also filed a motion requesting a resentencing hearing and appointment of counsel for such a hearing. Bullard seeks resentencing based on the arguments he set forth in his § 3582(c) motion. Because the court will deny the § 3582(c) motion, I will also deny this motion to amend and supplement as moot.

### E. Motion Pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure, Relation Back to Date of Original Pleading

Finally, Bullard seeks to amend his § 3582(c) motion, arguing that the court is not bound by the Sentencing Commission's decision that Amendment 709 is not retroactive because *United States v. Booker*, 543 U.S. 220 (2005), and its progeny rendered all Sentencing Guidelines advisory. The court notes that *Booker* itself has not been applied retroactively to cases for which sentencing and appeals had concluded before *Booker* was decided. *See Booker*, 543 U.S. at 268 (noting that *Booker* is to be applied retroactively to all cases pending on direct review or not yet final (internal quotation omitted)); *In re Olopade*, 403 F.3d 159, 164 (3d Cir. 2005) (holding *Booker* has not been made retroactive to cases on collateral review). Moreover, as discussed in subpart A, above, Bullard's sentence would remain unchanged even if the court were to apply Amendment 709 retroactively. Therefore, the court will deny this motion to amend as moot.

## III. Conclusion

In summary, the court finds Bullard's arguments to be without merit. I will therefore deny his motions and request.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CRIMINAL |
| : | |
| MICHAEL BULLARD, : | NO. 00-85 |
| Defendant. : | |
| : | |

## Order

**AND NOW**, this 12th day of November 2008, upon consideration of defendant Michael Bullard's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 122); Bullard's Motion Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (Doc. No. 127); Bullard's Request Pursuant to the Privacy Act (Doc. No. 130); Bullard's Motion to Amend and Supplement Pursuant to Rule 15(c)(2) (Doc. No. 135); and Bullard's Motion for Relation Back to Date of Original Pleading (Doc. No. 137); the government's responses thereto, and defendant's replies, **IT IS HEREBY ORDERED** that defendant's motions and request listed above are **DENIED**.

s/ William H. Yohn Jr., Judge
William H. Yohn Jr., Judge